1983 Suit

NO:

Kaitlyn Youmans
V
Wendy Nickolas
MS. Lampert
Deborah Carpenter
MS. Murray

FILED
SCRANTON
MAY 31 2024
PER _____
DEPUTY CLERK

Wherefore this day 5-22-24 petitioner Mrs. Kaitlyn Youmans in a prose capacity files a 1983 Suit against the aforementioned for false imprisonment in excess of 1] days, past her sentence expirary. Petitioner contends the following in support of her motion:

1) Petitioner is incarcerated at SCI-Muncy for 2 cases. Docket 1379-2019 & 2025-2020

2) On 3/16/22 in 1379-2019 petitioner was sentenced to 3-24 months with 36 days presentence credit. In 2025-2020 on 5-14-22 petitioner was sentenced 6-24 months concurrent with 1379-2019.

3) Petitioner did NOT Arrive at SCI Muncy until 3-22-22 (6 days) later, on case 1379-2019. Petitioner's max date should've been 2-11-2024 SCI-Muncy's calculation was 2-18-24 originally. This is incorrect

4) On or about 2/15/23 petitioner recieved a 14 day parole hit on both 1379-2019 & 2025-2020 creating the following max dates 2-22-24 & 6-2-24 which is incorrect it was 2-25-24 & 6-2-24

5) On 2-23-24 After 1379-2019 EXPIREd a additional 7 day Hit was added to 1379-2019 when the sentence expired the day prior this left petitioner falsly imprisoned 13 days total past her max date in 1379-2019

Petitioner on 2-26-24 wrote Super Nickolas, Records Ms. Lampert, Deborah Carpenter of parole board, & Ms. Murray institutional parole agent. Petitioner was told to file a parole "AA form" which was mailed 2-27-24 yet no reply has ever been recieved. True max dates should've been 2-25-24 & 6-2-24 respectivly Instead the institutions Warden Nickolas refused to contact records or Parole Board regarding the error she knew existed. Ms. Lampert & Ms. Murray refused to correct the calculations or contact Deborah Carpenter to correct. Ms. Carpenter refused to respond to AA filed to correct the errors.

6) Wendy Nickolas is responsible for all inmates incarcerated at SCI-Muncy. She knew through numerous Inmate requests to staff, grievences, & phone calls to institution by petitioner's family time was not properly calculated & deliberatly falsly imprisoned the petitioner in excess of 11 days. Ms. Lampert of records is in charge of creating DC16E status sheets & calculating inmates times. She knew an error of 11 days existed & refused to rectify it. DTRS/Ms Murray was the institutional parole agent knew there was a 11 day discrepancy & refused to reach out to Deborah Carpenter to correct. Deborah Carpenter knew there was already a 6 day discrepancy & that 1379-2019 HAD EXPIRED but still unlawfully added a additional 5 days onto a expired sentence & refused to respond to respond to the AA to correct the 11 days all which has lead petitioner to be falsley imprisoned in excess of 11 days.

7) Petitioner in Lycoming county filed a writ of Habeas Corpus to challenge the improper calculation

See docket# CP-41-MD-0000191-2024 which today states "awaiting hearing"

all defendants acted under the color of state law to falsley imprison petitioner in excess of 11 days past her maximum sentence expirary.

8) Petitioner seeks DECLARATORY relief she is falsley imprisoned at SCI-Muncy in excess of 11 days petitioner Seeks MONETARY Relief $20,000.00 in damages petitioner seeks injunctive relief that SCI-Muncy cease it's false imprisonment of petitioner on sentence expirary of May 30th 2024 This figure is calculated by subtracting 11 days from current max date of June 9th 2024.

9) Each defendant was personally involved in falsley imprisoning petitioner in excess of 11 days by repeatedly ignoring requests, ~~cross~~ improperly calculating petitioners time, in effort to falsley imprison petitioner.

10) Deborah Carpenter & Ms. Murray while employed by the PA Parole Board are not "the agency" & thus not eligable for relief under 11th Amendment. They are employees of the Parole Board Not The Parole Board Agency. They are individuals. Warden Nickolas is warden but not a prison as shes a person. Individual liability can be imposed under 42 USC 1983 as each defendant was a actor who played a affirmative part in the false imprisonment of petitioner. The allegations are NOT predicated based soley on operation of respondeat supevior & thus valid legal claims. The personal involvement of parties is shown due to personal & direct knowledge through grievences, requests to staff, calls & AA filing & acquiecence is shown by deliberate refusal to correct petitioners time/credit.

11) Prose pleadings must be construed liberally in petitioners favor. Complaint should not be dismissed without leave to amirend as the allegations set forth herein are not time barred, no defendant has immunity & all defendants acted knowingly in violation of law.

12) Wherefore petitioner again seeks

DECLARATORY relief: That the defendants falsley imprisoned petitioner in violation of the constitution in excess of 11 days

Injunctive Relief: To cease false imprisonment of petitioner on 5-30-2024

Monetary relief: of $20,000.00
($10,000.00 compensatory & $10,000.00 punative)

Petitioner prays you grant relief.

Respectfully
Kaitlyn Yeomans
PE5089
PO Box 180 Route 405
Muncy, PA
17756

# Certificate of Service

I Kaitlyn M Youmans served a true & correct copy of foregoing complaint upon

Wendy Nickolas
Ms Lampert
Ms Murray

by placing a true correct copy in SCI-Muncy institutional mailbox on JB unit a 6:72 pm CST on 5-22-24

Respectfully
Kaitlyn Youmans

Smart Communications/PADOC

SCI-MUNCY

Name Youmans Kaitlyn

Number PE5687

PO Box 33028

St Petersburg FL 33733

CERTIFIED MAIL

7020 1290 0001 6783 4846

Scranton PA
18501

RECEIVED
SCRANTON

MAY 31 2024

PER DJ
DEPUTY CLERK

18501＄9999

US POSTAGE PITNEY BOWES
ZIP 17756 $005.0
02 7W
0008033413 MAY 28 20

INMATE MAIL - PA
DEPT OF CORRECTIONS

FIRST-CLASS