## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAITLYN YOUMANS, | : | Civil No. 3:24-cv-898 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| WENDY NICKOLAS, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Kaitlyn Youmans ("Youmans"), an inmate confined at the State Correctional Institution, Muncy, Pennsylvania ("SCI-Muncy"). (Doc. 1). Youmans alleges that she is falsely imprisoned. Named as Defendants are Superintendent Wendy Nickolas, Records Supervisor Ms. Lambert, Parole Board Member Deborah Carpenter, and Institutional Parole Agent Ms. Murray.

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

3

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Youmans proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  Discussion

Youmans seeks to assert federal constitutional claims under 42 U.S.C. § 1983. She asserts that she is presently incarcerated at SCI-Muncy for the following two state court

4

criminal cases: *Commonwealth v. Youmans*, No. CP-54-CR-0001379-2019 (Ct. Com. Pl. Schuylkill Cnty.), and *Commonwealth v. Cooper*, No. CP-54-CR-0002025-2020 (Ct. Com. Pl. Schuylkill Cnty.). (Doc. 1, p. 1). Youmans alleges that her sentence is illegal, Defendants lack authority to detain her, and that she is falsely imprisoned. Youmans requests declaratory and injunctive relief, monetary damages, and that Defendants "cease [the] false imprisonment of petitioner." (*Id.* at pp. 4, 6).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Youmans' claims are not cognizable under § 1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under

5

§ 1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, at 486-87 (1994); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."). *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

There are ongoing state court proceedings pending in Schuylkill County at Docket Numbers CP-54-CR-0001379-2019 and CP-54-CR-0002025-2020.[1] Youmans is confined pursuant to the sentencings in those proceedings.[2] She is presently pursuing relief in her

---

[1] https://ujsportal.pacourts.us/CaseSearch.

[2] In case number CP-54-CR-0001379-2019, Youmans entered a plea of no contest to theft of leased property. (*See* https://ujsportal.pacourts.us/CaseSearch). On March 16, 2022, she was sentenced in case number CP-54-CR-0001379-2019 to a term of imprisonment of six to twenty-four months. (*See id.*; *see also* Doc. 1, p. 1).

On May 19, 2022, in case number CP-54-CR-0002025-2020, Youmans entered a plea of no contest to interference with the custody of children. (*See* https://ujsportal.pacourts.us/CaseSearch). On that same date, she was sentenced in case number CP-54-CR-0002025-2020 to a term of imprisonment of three to twenty-four months, to run concurrent with the sentence in case number CP-54-CR-0001379-2019. (*See id.*; *see also* Doc. 1, p. 1).

Due to parole violations, Youmans' maximum sentence date has increased. (Doc. 1, p. 2).

state court criminal actions through post-conviction motions. Hence, she remains incarcerated. Because any award or decision in Youmans' favor would necessarily imply the invalidity of her detention, she cannot pursue a civil rights action under 42 U.S.C. § 1983. Youmans' claims challenging her conviction and sentence will be dismissed. To the extent that Youmans desires release from custody or wishes to challenge the execution of her sentence, she cannot obtain such relief in a § 1983 action but must instead seek a writ of habeas corpus following exhaustion of her state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973) (holding that habeas relief is available to challenge the fact or duration of confinement).

## III.   Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Youmans' claims are not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, granting leave to amend would be futile. Thus, the Court will dismiss the complaint without leave to amend.

## IV.   Conclusion

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Under the circumstances, the Court is confident that service of process

is not only unwarranted but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: June 3, 2024